# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:26-cv-00014-MR

| | | |
|---|---|---|
| PEACE ROSE WILLIAMSON, P.R.C., A.D.C., and K.M.V., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **MEMORANDUM OF DECISION AND ORDER** |
| WENDY BOONE, DONNA DAVIS, CANDANCE FRANKLIN, and DANIEL M. HOCKADAY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 9] and the Plaintiff's Motion for Leave to Amend the Complaint [Doc. 13].

## I.    PROCEDURAL BACKGROUND

On January 12, 2026, the Plaintiff Peace Rose Williamson initiated the present action in this Court on behalf of herself and her minor children, P.R.C., A.D.C., and K.M.V.,[1] asserting claims against four individuals employed by or otherwise affiliated with the Mitchell County Department of

---

[1] While the minor children are named as plaintiffs in the pro se Complaint, there are no causes of action actually asserted on their behalf.

Social Services: Wendy Boone, Donna Davis, Candance Franklin, and Daniel M. Hockaday (collectively, the "Defendants"). [Doc. 1]. The Complaint purports to assert two counts under 42 U.S.C. § 1983. In Count I, the Plaintiff asserts that the Defendants violated her substantive and procedural due process rights by "[i]mposing a fabricated requirement that Plaintiff add a third bedroom with a 'legal closet' as a condition for reunification" with her children; by refusing to communicate in writing the requirements for such reunification; and by "relying on or disseminating documents" that "contained inaccurate or altered information." [Doc. 1 at 10-11]. The Plaintiff further asserts in Count I that the Defendants' refusal to communicate with her in writing "constituted discrimination on the basis of disability in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12132." [Id. at 11]. In Count II, the Plaintiff asserts that the Defendants conspired to deprive her of her civil rights. [Id.]. For relief, the Plaintiff seeks a declaration that her constitutional rights were violated, compensatory and punitive damages, and "other and further relief as the Court deems just and proper, including injunctive relief directing immediate reunification [with her children] and expungement of related records." [Id. at 12-13].

2

On March 17, 2026, Defendants Boone and Franklin[2] filed the present Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Doc. 9]. The Plaintiff filed a Response [Doc. 12], and the Defendants filed a Reply [Doc. 14]. On April 16, 2026, the Plaintiff filed a Motion for Leave to Amend the Complaint [Doc. 13], to which Defendants Boone and Franklin have filed a Response [Doc. 15]. After receiving an extension of time to do so [Doc. 21], the Plaintiff filed a reply in support of her Motion for Leave on July 20, 2026.[3] [Doc. 22]. Having been fully briefed, these matters are now ripe for disposition.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) addresses whether this Court has subject matter jurisdiction over the dispute at hand. Motions under the Younger abstention doctrine are generally analyzed as part of this jurisdictional inquiry. BLM of Shenandoah Valley, LLC v. Augusta Cnty., No. 5:21-cv-00060, 2023 WL 2505493, at *4 (W.D. Va. Mar. 14, 2023). For such

---

[2] Only Defendants Boone and Franklin filed the Motion to Dismiss. Defendants Davis and Hockaday have not yet been served. [Doc. 10 at 1 n.2].

[3] The Plaintiff also sought leave to file a surreply in opposition to the Defendants' Motion to Dismiss, which was denied. [See Doc. 21]. Despite the Court's ruling, the Plaintiff's Reply in support of her Motion for Leave to Amend includes arguments in the nature of a surreply to the Motion to Dismiss. The Court will disregard those arguments.

motions, the plaintiff bears the burden of proving that subject matter jurisdiction exists. <u>Jones v. United States Merit Sys. Prot. Bd.</u>, 103 F.4th 984, 999 (4th Cir. 2024). The Court should grant such a motion only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). In making this determination, the Court should "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Id.</u>

**B.    Rule 12(b)(6) Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. <u>See</u> <u>Francis v. Giacomelli</u>, 588 F.3d 186, 189 (4th Cir. 2009). The allegations in the complaint are accepted as true and construed in the light most favorable to the non-movant. <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009). Although well-pled facts are accepted as true, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" are not. <u>Id.</u>

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of the

4

cause of action.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  A "formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> Rather, the claims must contain "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Ultimately, the well-pled factual allegations must move the claims from possible to plausible.  <u>Twombly</u>, 550 U.S. at 570.

## III.    FACTUAL BACKGROUND

Viewing the well-pleaded factual allegations of the Plaintiff's Complaint as true, the following is a recitation of the relevant facts.

The Plaintiff is the biological mother of P.R.C., A.D.C., and K.M.V. [Doc. 1 at 6].  The four named defendants are all associated with the Department of Social Services for Mitchell County, North Carolina (the "Mitchell County DSS"): Defendant Davis is a social worker for Mitchell County DSS; Defendant Hockaday is an attorney "involved with" Mitchell County DSS; Defendant Boone is the "Head" of Mitchell County DSS; and Defendant Franklin is a "Supervisor" for Mitchell County DSS.  [<u>Id.</u> at 4-5].

On June 14, 2025, the three minor children were removed from North Carolina.[4]  [Id. at 6].  The children now reside in Ripley, Mississippi.  [Id. at 3-4].  The Defendants offer a document that tends to show that on November 13, 2025, a Mississippi juvenile court placed custody of the minor children with the Mississippi Department of Child Protective Services (the "Mississippi CPS").  [Doc. 10-2 at 6].

The Defendants offer an additional document that tends to show that on December 1, 2025, the Mississippi CPS submitted an Interstate Compact on the Placement of Children ("ICPC") Request to the Mitchell County DSS, asking that the DSS conduct a "parent study" of the Plaintiff's home.  [Doc. 10-3].

On or about December 3, 2025, Davis contacted the Plaintiff to schedule this ICPC parent study.  [Doc. 1 at 6].  During this phone call, the Plaintiff asked Davis to provide her information about the ICPC in a written email due to "a disability that impairs auditory processing and memory."  [Id. at 6-7].  Davis verbally agreed to provide that information, but the Plaintiff never received the email.  [Id. at 6-8].

---

[4] The Plaintiff does not specify who removed the children or how that removal was accomplished.  It appears to be undisputed, however, that Mitchell County DSS was not involved in the removal of the children from the Plaintiff.

On December 5, 2025, Hockaday informed the Plaintiff that, in his opinion, her children had been removed without legal authority and in violation of a court order against the children's father.  [Id. at 6].

On December 10, 2025, Davis conducted the ICPC parent study at the Plaintiff's house.  [Id. at 7].  In the course of this visit, Davis informed the Plaintiff that she "could not have her children returned" until she "constructed an additional third bedroom that included a closet."  [Id.].   During this same visit, the Plaintiff informed Davis of Hockaday's opinion that the children's removal was illegal, but Davis "declined to take further action."  [Id.].

After the parent study, Davis repeatedly refused to provide the Plaintiff with details in writing regarding the reunification process, explaining that the process was "too complicated to text," [id. at 7], and that she did not intend to "type out detailed information that would be better discussed in person," [id. at 8].

On December 22, 2025, the Plaintiff asked Davis for a particular form that she needed so as to attend an appointment scheduled for the following day.  [Id. at 7].  Davis "refused to email or otherwise provide the form," and the Plaintiff missed the appointment.  [Id.].

On or about January 3, 2026, Hockaday emailed the Plaintiff documents from the "Mitchell County DHS CPS file" that referred to the Plaintiff as a "vexatious litigant." [Id. at 8-9].

Sometime after January 5, 2026, Hockaday informed the Plaintiff that she did not need to construct a third bedroom. [Id. at 8]. The Plaintiff then contacted Davis, expressing concern that Hockaday's "email might not reflect the official position of the agency." [Id.]. Davis, Boone, and Franklin then "refused to confirm in writing" whether the agency officially required the Plaintiff to build a third bedroom before being reunited with her children. [Id.].

The Plaintiff also alleges that Davis and Boone have continued to "refuse" to provide her with written instructions despite her requests for an accommodation, and that all four Defendants have continued to "enforce reunification conditions" despite allegedly knowing that the children were removed "without legal authority." [Id.].

## IV.    DISCUSSION

### A.    Motion to Dismiss

#### 1.    Younger Abstention

Defendants Boone and Franklin argue that the Court lacks jurisdiction over the Plaintiff's claims because there is a "pending juvenile proceeding involving Plaintiff[] in the Mississippi state courts." [Doc. 10 at 4]. They

assert that the Court should stay the Plaintiff's claims pending resolution of the Mississippi proceeding under the Younger abstention doctrine. [Id. at 5].

The Younger abstention doctrine "compels federal courts to refrain from exercising jurisdiction over state proceedings" in certain cases. Indus. Servs. Grp., Inc. v. Dobson, 68 F.4th 155, 168 (4th Cir. 2023). The Younger analysis proceeds in two steps. Air Evac EMS, Inc. v. McVey, 37 F.4th 89, 96 (4th Cir. 2022). First, the Court determines whether the ongoing state proceeding is the type of proceeding that triggers Younger abstention. Jonathan R. by Dixon v. Justice, 41 F.4th 316, 329 (4th Cir. 2022). The Supreme Court has identified three types of proceedings that trigger Younger abstention: (1) "criminal prosecutions," (2) "civil enforcement proceedings" that are "akin to criminal prosecutions," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013) (internal quotation marks omitted). Second, if the proceeding falls into one of these three categories, the Court turns to the "Middlesex factors"[5] to determine "(1) whether there is an ongoing state judicial proceeding; (2) whether that state proceeding

---

[5] Referring to Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982).

implicates important state interests; and (3) whether that state proceeding provides an adequate opportunity to raise constitutional challenges." McVey, 37 F.4th at 96 (internal quotation marks and alterations omitted).[6]

The Court begins with the first step. A court's "initial child-removal proceeding" is sufficiently akin to a criminal prosecution as to fall into the second category of proceedings entitled to Younger treatment. Justice, 41 F.4th at 329-30 (emphasis removed). This is because proceedings determining whether parents are "abusive or neglectful" are "brought by the State in its sovereign capacity following an investigation and upon the filing of a formal complaint or charges." Id. at 329 (internal quotation marks omitted). Here, the Plaintiff asks this Court to intervene in the ongoing custody determination of a Mississippi juvenile court that has determined, up to this point, that the Plaintiff poses a threat of abuse toward her children. [Doc. 1 at 13 (seeking "injunctive relief directing immediate reunification and expungement of related records"); Doc. 10-2 at 5-6]. This sort of child-removal proceeding fits neatly into the category of civil proceedings sufficiently akin to criminal prosecutions. Moore v. Sims, 442 U.S. 415, 423 (1979) ("the temporary removal of a child in a child-abuse context is . . . in

---

[6] The Court notes that there are "three exceptions to the court's duty to abstain," but concludes that none of the exceptions apply in this case. McVey, 37 F.4th at 96.

aid of and closely related to criminal statutes") (citation omitted); <u>Justice</u>, 41 F.4th at 329-30.  Accordingly, the Court proceeds to the <u>Middlesex</u> factors.

As to the first <u>Middlesex</u> factor, there is an ongoing state judicial proceeding, as outlined in the paragraph above.  As to the second factor, this state proceeding implicates important state interests.  <u>Moore</u>, 442 U.S. at 435 ("Family relations are a traditional area of state concern.").  Finally, as to the third factor, the proceeding provides an adequate remedy to raise constitutional challenges: namely, the Plaintiff's contention that state authorities have failed to make reasonable efforts to reunify the Plaintiff with her children and that there should be "immediate reunification."  [Doc. 1 at 13].[7]  In sum, the <u>Middlesex</u> factors counsel toward abstention.

Accordingly, the Court determines that <u>Younger</u> abstention applies to the ongoing state proceeding at issue here.  Thus, the Plaintiff's § 1983 claims against all Defendants are dismissed without prejudice for lack of subject matter jurisdiction.

---

[7] The Plaintiff attempts to assert constitutional claims against the Mitchell County DSS employees based on the alleged deprivation of her liberty interest in the care, custody, and control of her children.  [Doc. 1 at 10-11].  However, she does not allege that the Mitchell County DSS employees took any affirmative action that actually deprived the Plaintiff of her custodial rights.  [<u>See</u> Doc. 1 at 10-11; Doc. 12 at 4-5].  Rather, her allegations are directed to the child-removal proceedings that took place in Mississippi. As such, the Plaintiff's constitutional claims are best raised in the Mississippi juvenile proceeding against actors who are already parties to that litigation.

To the extent that the Plaintiff asserts claims under the ADA in Count I [Doc. 1 at 11], those claims are dismissed. Title II of the ADA prohibits discrimination only by "a public entity." 42 U.S.C. § 12132. The ADA's definition of the term "public entity" does not encompass individuals. 42 U.S.C. § 12131(1); see Baird ex rel. Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999). Thus, the Plaintiff cannot invoke Title II of the ADA against these individual Defendants.

## B. Motion to Amend

The Plaintiff[8] moves for leave to amend the Complaint to sue Defendants Boone, Davis, Franklin, and Hockaday in their official capacities only; to add an additional Mitchell County DSS social worker, Isabella Eala, in her official capacity; and to add the Mitchell County DSS as a Defendant. [Docs. 13, 13-2].

As the Plaintiff moved to amend a pleading before trial but after the 21-day period following service of the Defendants' Motion to Dismiss, the Plaintiff "may amend [her] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court "freely give[s] leave when justice so requires." Id. Leave is only denied when "the amendment would be prejudicial to the opposing party, there has been bad

---

[8] In the proposed Amended Complaint, only Plaintiff Williamson is listed as a plaintiff.

faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

Here, the Plaintiff's proposed amendment would be futile. First, while the Plaintiff seeks to add the Mitchell County Department of Social Services as a defendant, the DSS is an agent of the County, and is thus a non-suable entity. Moua v. Alexander Cnty., No. 5:09-cv-19-V, 2012 WL 252648, at *6 (W.D.N.C. Jan. 26, 2012) ("[P]ursuant to North Carolina law, the Department of Social Services, an agency of Alexander County, does not have the legal capacity to be sued."). Second, while the claims against individual DSS employees in their official capacities are claims against the County itself, a suable entity, the Plaintiff's § 1983 claims against the County would fail. A county is only a "person" under § 1983 with respect to actions by its officials in execution of a government "policy or custom." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Here, the Plaintiff's proposed Amended Complaint makes no allegations regarding government policies or customs. Thus, because the Plaintiff's proposed amendment would be futile, the Court denies the Plaintiff leave to amend.

<u>**O R D E R**</u>

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss [Doc. 9] is hereby **GRANTED** as follows:

(1) The Plaintiff's claims under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE.**

(2) The Plaintiff's claims under the ADA are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to Amend the Complaint [Doc. 13] is **DENIED.**

The Clerk of Court is hereby directed to enter a Judgment consistent with this Memorandum of Decision and Order and to close this case.

**IT IS SO ORDERED.** Signed: August 6, 2026

Martin Reidinger
Chief United States District Judge

14